*883 ON REHEARING
PER CURIAM.
In a petition for rehearing, Cotton argues that his pleadings raised the question of his vested interest in the profit sharing and retirement plan funded solely by his former employer, appellee, as an issue.
There was some money contributed to the fund by the employer and credited to the employee, Cotton, prior to his execution of the written employment agreement. He contends that his right to this money is “vested”. Cf. Flammer v. Patton, supra.
[3J Assuming this question was raised as an issue, it appears the written agreement between the parties provided that if Cotton should engage in or accept employment in a business of the same nature within five months after termination of his employment, he would waive any claim to any monies which had been credited to him in the pension or profit sharing fund of the company. The jury verdict was against Cotton and the jury necessarily found that he had violated the terms of his written agreement and that he was not entitled to any money credited to him in the pension funds.
The petition for rehearing is, therefore,
Denied.